*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TW, JR., by Next Friend, SCHKELLIA WALKER,

      Plaintiff-Appellant,

v

AMBER QUINN, MICHIGAN ASSIGNED
CLAIMS PLAN, and MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY,

      Defendants,

and

CAROLYN QUINN,

      Defendant-Appellee,

and

INTEGON NATIONAL INSURANCE COMPANY,
MEMBERSELECT INSURANCE COMPANY, and
AUTO CLUB GROUP INSURANCE COMPANY,

      Defendants/Cross-Defendants-
      Appellees,

and

NATIONWIDE MUTUAL FIRE INSURANCE,

      Defendant/Cross-Plaintiff.

UNPUBLISHED
October 19, 2023

No. 362803
Genesee Circuit Court
LC No. 20-113971-NI

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

-1-

In this negligence action, plaintiff, TW, Jr. ("TW"), by next friend, Schkellia Walker, appeals of right the order granting summary disposition to defendant, Amber Quinn, under MCR 2.116(C)(10) (no genuine issue of fact). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On July 10, 2019, Amber was driving northbound on Tuxedo Avenue in Flint, Michigan. At the same time, thirteen-year-old TW was riding his bicycle in the street on Barrie Avenue towards Tuxedo Avenue. Amber, who did not have a stop sign, proceeded through the intersection and struck TW, seriously injuring him. TW filed a negligence complaint against Amber. Amber moved for summary disposition under a theory of comparative negligence, which the trial court granted.

## II. COMPARATIVE NEGLIGENCE

On appeal, TW argues the trial court erred by granting Amber's motion for summary disposition because Amber's negligence so outweighed any negligence on behalf of TW. We disagree.

### A. STANDARD OF REVIEW

This Court "reviews de novo a trial court's ruling on a motion for summary disposition." *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The facts should be viewed in a light most favorable to the nonmoving party and "[w]here the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. Under the burden-shifting framework of this rule:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

### B. LAW AND ANALYSIS

"Generally, to establish a prima facie case of negligence, a plaintiff must establish (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) that the damages were caused by the defendant's breach of duty." *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). "Duty is the legal obligation to conform one's conduct to a particular standard to avoid subjecting others to an unreasonable risk of harm." *Id*. "The duty a defendant typically owes to a plaintiff often is

described as an ordinary-negligence standard of care. Under ordinary-negligence principles, a defendant owes a plaintiff a duty to exercise ordinary care under the circumstances." *Id.* at 499-500. But, even when a party breaches their standard of care, the comparative negligence doctrine holds that "a party who is more than 50% at fault" may not recover damages. MCL 500.3135(2)(b). A trial court may grant summary disposition if no reasonable juror could find the defendant was more at fault than the plaintiff. *Huggins v Scripter*, 469 Mich 898, 898; 669 NW2d 813 (2003).

Amber moved for summary disposition under a theory of comparative negligence, asserting that the evidence established that "[o]ne hundred percent (100%) of the [l]iability rests on [TW] in this accident . . . ." To succeed on her motion for summary disposition, Amber needed to demonstrate no genuine question of fact whether TW was more than 50% at fault for the accident. Amber attached several exhibits supporting her theory of comparative negligence. These exhibits emphasized the testimonies of the responding police officer and an eyewitness, who each opined TW caused the accident because he failed to stop at the stop sign on Barrie Avenue. Thus, Amber satisfied her burden of demonstrating that there was no genuine question of fact that TW was more than 50% at fault for the accident.

The burden then shifted to TW to show a question of fact as to this issue. *Quinto*, 451 Mich at 362-363. TW's response to the motion for summary disposition included his deposition testimony stating he remembered stopping at the stop sign. He also attached Amber's deposition testimony in which she reported receiving several text messages during her drive. Taken together, these two things could create a question of fact as to whether TW was comparatively negligent. And a court should normally deny summary disposition on this basis because courts should view the facts in favor of the nonmoving party. *Maiden*, 461 Mich at 120. However, in Michigan, a bicyclist traveling on a roadway is required to not only stop at a stop sign, but also yield to oncoming traffic.[1] Thus, it does not matter whether TW stopped at the stop sign because TW was statutorily required to yield to oncoming traffic, which he plainly did not do. Because TW failed to yield to the oncoming traffic, there was no genuine question of fact that the comparative negligence rested with TW and, therefore, the trial court did not err in granting summary disposition.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron

---

[1] "Each person riding a bicycle . . . upon a roadway has all of the rights and is subject to all of the duties applicable to the driver of a vehicle . . . ." MCL 257.657. "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle that has entered the intersection from a different highway." MCL 257.649(1). Furthermore, "[t]he operator of a vehicle or bicycle upon a highway, before stopping or turning from a direct line, shall first determine that the stopping or turning can be made in safety . . . ." MCL 257.648(1).